UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| PATRICIA PAINTER, individually and as Executor of the Estate of James B. Painter, | ) ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) | Case No. 1:08-cv-122 |
| JU LIN and LIN TRUCKING NEW YORK, TOTAL QUALITY LOGISTICS, LLC, ULTRA POWER TRADING, LLC d/b/a JETTA LOGISTICS CO., and JETTA LOGISTICS, CORP. | ) ) ) ) ) ) ) | |
| | ) | Judge Mattice |
| *Defendants*, | ) ) | |
| ---------------------------------------------------------- | ) | |
| TOTAL QUALITY LOGISTICS, LLC, | ) ) | |
| *Cross-plaintiff*, | ) ) | |
| ULTRA POWER TRADING, LLC d/b/a JETTA LOGISTICS CO., and JETTA LOGISTICS, CORP. | ) ) ) ) ) | |
| *Cross-defendants*. | ) | |

**MEMORANDUM AND ORDER**

The following motions are presently before the Court: (1) Defendant/Cross-defendants Jetta Logistics Corp.'s and Ultra Power Trading LLC d/b/a Jetta Logistics Company (collectively "the Jetta Logistics Defendants") Motion for Judgment on the Pleadings [Court Doc. 48, Mot. for J. on Pleadings]; (2) Defendant/Cross-defendants Jetta Logistics Corp.'s and Ultra Power Trading LLC's Motion to Amend/Revise Motion for Judgment on the Pleadings and Responsive Brief to Motion for Summary Judgment [Court Doc. 51, Amend. Mot. for J. on Pleadings]; and (3) Defendant/Cross-defendants Jetta

Logistics Corp's and Ultra Power Trading LLC's Second Motion for Judgment on the Pleadings and to Clarify [Court Doc. 52, Second Mot. for J. on Pleadings].

For the reasons explained below, the Jetta Logistics Defendants' Motion for Judgment on the Pleadings [Court Doc. 48] will be **DENIED**, the Jetta Logistics Defendants' Motion to Amend/Revise Motion for Judgment on the Pleadings and Responsive Brief to Motion for Summary Judgment [Court Doc. 51] will be **DENIED**, and Jetta Logistics Defendants' Second Motion for Judgment on the Pleadings and to Clarify [Court Doc. 52] will be **DENIED**.

I.  **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is to permit a defendant to test whether, as a matter of law, the plaintiff is entitled to relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). A complaint should not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Arrow v. Fed. Reserve Bank*, 358 F.3d 392, 393 (6th Cir. 2004). The complaint must contain either "direct or inferential allegations respecting all the material elements to sustain a recovery . . . ." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (internal quotations and citations omitted).

The Court must determine not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S.

232, 236 (1974). In making this determination, the Court must construe the complaint in the light most favorable to plaintiff and accept as true all well-pleaded factual allegations. *Arrow*, 358 F.3d at 393; *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). The Court need not accept as true mere legal conclusions or unwarranted factual inferences. *Id.*

The Supreme Court has confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007); Fed. R. Civ. P. 8(a)(2). A court must not dismiss a complaint for failure to state a claim unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 127 S. Ct. at 1974; see also *Erickson v. Pardus,* 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007). Although material allegations in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party, a court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Id.*

"Two working principles underlie [the Supreme Court's"] decision in *Twombly."* *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-1951 (2009). "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (internal citations and quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (internal citations omitted). While "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era … it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.*

"Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal,* 129 S. Ct. at 1949-1951. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (internal citations and quotations omitted). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'shown' - that the pleader is entitled to relief." *Id.* (internal citations and quotations omitted).

The standard of review applicable to a motion for "judgment on the pleadings" pursuant to Federal Rule of Civil Procedure 12(c) is the same as the standard of review applicable under Rule 12(b)(6). *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).

**II.     FACTS**

On July 1, 2007, decedent James B. Painter collided with the truck and cargo trailer operated by Defendant Ju Lin. (Court Doc. 32, Amend. Compl. ¶¶ 19, 24. Plaintiff alleges that "[a]t the time and place of the collision Defendant Lin was operating his truck/cargo-trailer improperly and negligently by failing to be safe, prudent and careful as he is required to be, thereby causing the overloaded truck/cargo trailer to travel slowly or stop in the right lane of Interstate 75." (*Id.* at ¶ 27.)  Plaintiff specifically alleges that Defendant Lin negligently operated the truck/cargo trailer in the following manner: (1) with a trailer tandem weight of 38,000 pounds, which is 4,800 pounds more than allowed; (2) at a speed too slow for conditions; (3) in a reckless and careless manner without regard for the safety of the drivers behind him; (4) while failing to properly warn approaching motorists concerning the disabled vehicle; (5) while failing to use flairs and/or other "markers" as he was required

to do under such circumstances; and (6) while failing to move his vehicle from the roadway. (*Id.* ¶¶ 27-28 citing T.C.A. §§ 55-9-103-104 and T.C.A. § 55-7-203.)

Plaintiff Patricia Painter, individually and as Executrix of the Estate of James B. Painter, initiated the instant case to recoup damages that occurred as a result of this alleged negligence. Plaintiffs contend that Defendant Lin was acting in the course and scope of his employment by and as agent for Defendant Lin Trucking New York, Inc. (Compl. ¶ 9.) Thus, Plaintiff asserts that the alleged negligence of Defendant Lin is also imputed to Defendant Lin Trucking New York, Inc. (*Id.* ¶ 10.) Plaintiff also alleges that Defendant Lin was an inexperienced driver and relied upon Defendant Li X. Feng, a passenger in the truck, for training and supervision in the proper loading and handling of the truck. Plaintiff alleges that Defendants Lin and Feng were acting: (1) within the scope of their employment as agents/employees of Defendant Jetta Logistics Corp. or; (2) in the alternative, were acting within the scope of their employment as agents/employees of Defendant Totally Quality Logistics, Inc. or; (3) in the alternative, were acting within the scope of their employment as agents/employees of Defendant Ultra Trading Power Trading, LLC d/b/a Jetta Logistics Co. (*Id.* ¶¶ 13-15.) Thus, Plaintiff contends that the alleged negligence of Defendants Lin and Feng should be imputed to each of these Defendants. (*Id.* ¶¶ 16-18.)

III. ANALYSIS

Based upon the case law cited in the pending motions, the Court presumes that the Jetta Logistics Defendants are seeking relief pursuant to Rule 12(b)(6) and Rule 12(c) of the Federal Rules of Civil Procedure. Moreover, as far as the Court can discern, the Jetta

Logistics Defendants assert that Plaintiff's Amended Complaint fails to plead the necessary elements of a *respondeat superior* claim against then. If this is, indeed, what they contend, the Jetta Logistics Defendants' motions for judgment on the pleadings must fail.

In order to impose liability under the theory of *respondeat superior,* "it is necessary to show that the operator of a vehicle was acting as a servant or employee of the owner and in the course and scope of the employment at the time of the accident. *Hamrick v. Spring City Motor Co.,* 708 S.W.2d 383, 386 (Tenn. 1986). Plaintiffs' Amended Complaint contains the specific factual allegation that at time of the accident, Defendants "Ju Lin and Li X. Feng were acting in the within the scope of their employment as agents/employees of Defendant Jetta Logistics Corp. and were on the business of Jetta Logistics Corp." The Amended Complaint also states that Defendants "Ju Lin and Li X. Feng were acting in the within the scope of their employment as agents/employees of Defendant Ultra Power Trading, LLC d/b/a Jetta Logistics Co." (Compl. ¶¶ 9-18, 21, 24, 29-30.) These factual allegations "raise a right to relief above the speculative level" and provide the Jetta Defendants with fair notice of the *respondeat superior* claims against them and the grounds upon which these claims rest. *Streater v. Cox*, No. 08-1631, 336 Fed. App'x 470, (6th Cir. June 30, 2009) (internal citations and quotations omitted).

Accordingly, the Court will **DENY** the Jetta Logistics Defendants' Motion for Judgment on the Pleadings (Court Doc. 48) and will **DENY** Motion to Amend/Revise Judgment on the Pleadings and Responsive Brief to Plaintiff's Response to Motion for Summary Judgment (Court Doc. 51).

The Jetta Logistics Defendants also filed their Second Motion for Judgment on the Pleadings and to Clarify, which states it "may be appropriate" for the Court to treat the Motion to Dismiss as a motion for summary judgment and simply refers to the entire "Ju Lin deposition" as evidentiary support for there being no "information relative to the doctrine of respondeat superior." (Court Doc. 52., Jetta Defs.' Second Mot. for J. on Pleadings at 2.)

The Jetta Logistics Defendants, if course, do not have the authority to convert a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure into a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. *Backer v. Manning Family Trust (In re Backer)*, No. 01-5312, 51 Fed. App'x 522, 529 (6th Cir. Oct. 22, 2002) citing Fed. R. Civ. P. 12(b) (permitting court, upon receipt of evidence outside of pleadings by a party, to convert Rule 12(b)(6) motion into Rule 56 motion upon giving notice to parties). The Court may choose to convert a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment. This can only be done, however, after providing notice to the parties. In this instance, the Court declines to convert this motion into a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Moreover, even if the Court were to treat this motion as a motion for summary judgment, the Jetta Logistics Defendants' representation to the Court is an inadequate basis for it to grant any relief pursuant to Rule 56 of the Federal Rules of Civil Procedure. See, e.g., *Adams v. Lockheed Martin Energy Sys.*, 199 F. App'x 405, 409 (6th Cir. 2006) ("[P]laintiffs suffer from a paucity of supporting evidence, neglecting to target any specific facts demonstrating such harm. Instead they offer general allegations and cite to entire

depositions rather than specific supporting testimony . . . . Summary judgment practice requires more.") (citing, inter alia, *Wardle v. Lexington Fayette Urban Cty. Gov't*, 45 F. App'x 505, 509 (6th Cir. 2002) ("[A] district court is not required to search the record to determine whether genuine issues of material fact exist when the non-moving party has failed to point them out."); *Mercado-Alicea v. P.R. Tourism Co.,* 396 F.3d 46, 51 (1st Cir. 2005)("District courts are not required to ferret through sloppy records in search of evidence supporting a party's case."). Accordingly, the Jetta Defendant's Second Motion for Judgment on the Pleadings and to Clarify (Court Doc. 52) will be **DENIED.**

## IV. CONCLUSION

For the reasons explained above, Defendant/Cross-defendants Jetta Logistics Corp's and Ultra Power Trading LLC d/b/a Jetta Logistics Company's (collectively "Jetta Logistics Defendants") Motion for Judgment on the Pleadings [Court Doc. 48, Mot. for J. on Pleadings] is **DENIED**, the Jetta Logistics Defendants' Motion to Amend/Revise Motion for Judgment on the Pleadings and Responsive Brief to Motion for Summary Judgment [Court Doc. 51, Amend. Mot. for J. on Pleadings] is **DENIED**, and the Jetta Logistics Defendants' Second Motion for Judgment on the Pleadings and to Clarify [Court Doc. 52, Second Mot. for J. on Pleadings] is **DENIED**.

SO ORDERED this 8th day of February, 2010.

                /s/Harry S. Mattice, Jr.
                HARRY S. MATTICE, JR.
                UNITED  STATES  DISTRICT  JUDGE