UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| PATRICIA PAINTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:08-CV-122 |
| v. | ) | *Mattice / Lee* |
| | ) | |
| JU-LIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is the motion of Defendants Ju Lin and Lin Trucking New York, Inc. ("Movants") to compel Defendants Jetta Logistics Corp. and/or Ultra Power Trading, LLC, d/b/a Jetta Logistics Co. ("Jetta") to produce a full copy of an insurance policy pursuant to Fed. R. Civ. P. 26(a) and for sanctions pursuant to Fed. R. Civ. P. 37(c) [Doc. 111].[1] Movants represent that Jetta has disclosed only the Declarations Page of its insurance policy. Jetta objects, arguing that the policy in question covers only the trailer for the tractor-trailer that was involved in the underlying accident, and the tractor was covered by a separate insurance policy which is "primary" under Tennessee law. Movants reply that Tennessee law does not apply to these policies, which were issued in New York.

A party must, in its initial disclosures, "provide to the other parties . . . any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible

---

[1] A hearing on the motion was held on March 25, 2010 in which the Movants were represented by Attorney Brian Trammell (appearing by telephone) and Jetta was represented by Attorney John Rice. The remaining parties were not represented at the hearing and took no position with respect to the motion.

judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1)(A). The Rule's primary purpose is to enable the parties to "'realistically appraise the case by determining whether an insurer will be able to satisfy an expected judgment or settlement agreement.'" *In re Delmarine, Inc.*, 535 F.Supp 2d 318, 322 (E.D.N.Y. 2008) (quoting *Fireman's Fund Ins. Co. v. Cunningham Lindsey Claims Mgmt., Inc.*, 2005 WL 1522783,at *3 (E.D.N.Y. 2005)). Jetta has offered no authority to support its position that the insurance policy covering the trailer does not fall within this broad disclosure obligation. Movants seek to assign liability to Jetta under a *respondeat superior* theory, and they are entitled to discover information relevant to the practical value of that legal theory. Even assuming the trailer policy is "primary," the tractor policy might be used to satisfy a judgment if the trailer policy's limit is exceeded by the judgment.

Jetta complains that "the plaintiff is satisfied with the declaration page," which it has already disclosed to Movants. Disclosure of the declarations page, however, is insufficient to meet Jetta's obligation. *See Gaines-Hanna v. Farmington Public School Dist.*, 2006 WL 891434, at * 2 (E.D. Mich. 2006) (holding that disclosure of the name of the carrier and the policy number and an assurance that the policy was adequate to satisfy any judgment was insufficient because "the plain language of the . . . rule makes it clear that 'it is a copy of the insurance agreement itself that defendants must produce.'") (quoting *Wegner v. Cliff Viessman, Inc.*, 153 F.R.D. 154 (N.D. Iowa 1994)). In addition, Jetta suggests Movants seek the policy for an "improper purpose," which it described as an attempt to interject coverage issues into the dispute. Given the primary purpose of disclosing insurance is to enable the parties to "appraise the case by determining whether an insurer will be able to satisfy an expected judgment or settlement agreement," *In re Delmarine, Inc.*, 535

2

F.Supp 2d at 322, Jetta has identified no improper purpose.

In the alternative, and citing no authority, Jetta requests a protective order preventing Movants from publishing the policy to the adjuster for Movants' liability carrier or anyone else. Such an order would defeat the purpose of the disclosure--allowing the parties at interest to assess the practical value of the claims and theories at issue.

Movants seek sanctions against Jetta based on the attorneys' fees incurred to obtain the policy pursuant to Rule 37(c) and Movants have filed a proper affidavit in support of the requested attorneys' fees [Doc. 118]. I **FIND** an award of attorneys' fees in the amount of $500 is a reasonable sanction under the circumstances. However, the Court will delay imposition of the sanction until a final resolution of the case. Movants may move for imposition of the sanction at the conclusion of the case, if necessary.

Accordingly, the motion to compel [Doc. 111] is **GRANTED.**

SO ORDERED.

ENTER:

                                               s/*Susan K. Lee*
                                               SUSAN K. LEE
                                               UNITED STATES MAGISTRATE JUDGE