UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| PATRICIA PAINTER, individually and as Executor of the Estate of James B. Painter, | )<br>)<br>)<br>) |
| *Plaintiff*, | )<br>) |
| v. | ) Case No. 1:08-cv-122<br>) |
| JU LIN and LIN TRUCKING NEW YORK, INC. | )<br>)<br>) |
| *Defendants/Cross-plaintiffs*. | ) Judge Mattice<br>)<br>) |
| ULTRA POWER TRADING, LLC d/b/a JETTA LOGISTICS CO., and JETTA LOGISTICS, CORP. | )<br>)<br>)<br>) |
| *Defendant/Cross-defendant* | ) |

## **MEMORANDUM AND ORDER**

Defendant Ultra Power Trading, LLC d/b/a Jetta Logistics Company's Motion for Summary Judgment and Defendants Ju Lin's and Lin Trucking's Motion for Summary Judgment (collectively "Defendants") are presently before the Court. (Court Docs. 137, 147.) The instant motion seeks relief on two specific issues: the existence of evidence to substantiate economic value of decedent James Painter's life and the existence of evidence to substantiate the scope of damages available to Plaintiff Patricia Painter. (Court Doc. 138, Def. Ultra's Br. at 2-5.) Plaintiff contends that she is entitled to present evidence to support her claim of damages.

For the reasons explained below, Defendant Ultra Power Trading, LLC d/b/a Jetta Logistics Company's Motion for Summary Judgment and Defendants Ju Lin and Lin

Trucking's Motion for Summary Judgment (Court Docs. 137, 147) will be **DENIED.**

I. **LEGAL STANDARD**

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material facts exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may meet this burden either by producing evidence that demonstrates the absence of a genuine issue of material fact or by simply " 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. To refute such a showing, the nonmoving party may not simply rest on its pleadings. *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996); *see Anderson*, 477 U.S. at 249. The nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Celotex*, 477 U.S. at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court's role is limited to determining whether

the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If the Court concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## II. FACTS

The facts, taken in the light most favorable to Plaintiff, are as follows:

Decedent James Painter and his surviving spouse Patricia Painter were married for 35 years at the time of his death. (Court Doc. 160, Pl.'s Resp. Br. at 2.) The couple maintained joint bank accounts and filed joint tax returns during this period. (*Id.*) The decedent, a retired company officer from Norfolk Southern Railway Company ("NSRC"), received $4,090.00 in monthly retirement payments from NSRC and the United States Railroad Retirement Board ("RRB"). *Id.* These monthly payments ceased upon Mr. Painter's death. (*Id.*) Additionally, at the time of his death, Mr. Painter earned an income of $399.00 per week. (*Id.*)

Plaintiff Patricia Painter provided extensive testimony detailing her personal knowledge of the pecuniary losses she sustained as a result of Mr. Painter's death as well as his person expenses while he was alive. (*Id.*) In addition, Plaintiff produced documents memorializing the couple's joint tax returns as well as her individual tax returns she filed

following Mr. Painter's death. (*Id.* at 3.) These documents, which show the total amount of pension and annuity payments Mr. Painter received, confirm that Plaintiff stopped receiving the Mr. Painter's retirement benefits upon his death. (*Id.*)

## III. ANALYSIS

The Tennessee Wrongful Death Statute Provides:

> Where a person's death is caused by the wrongful act, fault or omission of another and suit is brought for damages, as provided for by §§ 20-5-106 and 20-5-107, the party suing shall, if entitled to damages, have the right to recover for the mental and physical suffering, loss of time and necessary expenses resulting to the deceased from the personal injuries, and also the damages resulting to the parties for whose use and benefit the right of action survives from the death consequent upon the injuries received.

Tenn. Code Ann § 20-5-113 (2010).

As provided by the wrongful death statutes, the party suing shall have the right to recover for mental as well as physical suffering, loss of time, and necessary expenses resulting to the deceased from personal injuries. *See* T.C.A. §§ 20-5-106, 20-5-107, 20-5-113; *see generally* T. A. Smedley, "Wrongful Death Actions in Tennessee," 27 Tenn. L. Rev. 447 (1960). This recovery is based upon the pecuniary value of the life of the deceased to be determined upon a consideration of his expectancy of life, his age, condition of health and strength, capacity for labor and for earning money through skill in any art, trade, profession, and occupation or business. *Memphis Street Ry. v. Cooper,* 203 Tenn. 425, 313 S.W.2d 444 (1958); *Interstate Life & Accident Co. v. Cox* 55 Tenn. App. 40, 396 S.W.2d 80 (1965); *Bellamy v. Sadler,* 640 S.W.2d 20 (Tenn. App. 1982).

However, the assessment of damages is not governed by fixed rules of mathematical precision, but the matter is left to the sound discretion of the jury. *Illinois*

*Cent. R. v. Spence.* 93 Tenn. 173, 23 S.W. 211 (1893); *Brown v. Ellison,* 12 Tenn. App. 27 (1926); *Crowe v. Provost,* 52 Tenn. App. 397, 374 S.W.2d 645 (1963) (amount of damages in a death action is a matter dependent most largely upon the judgment of the jury and their sound discretion after carefully, honestly and fairly considering all various elements that enter into the question); *Strother v. Lane,* 554 S.W.2d 631, 636 (Tenn. App. 1976) (since no rule exist by which to measure the value of a life, the jury is in the best position to assess damages and, next to the jury, the trial judge is in the best position to evaluate damages; and great weight must be given to the judgment of the jury and the trial judge in the absence of any showing of misconduct).

Defendants contend that "the records to date in this Court do not indicate there was any conscious pain and suffering, medical expenses or any physical pain and suffering." Court Doc. 166, Def. Ultra's Reply Br. at 2. Defendants also contend that Plaintiff's lack of expert economist testimony should preclude her from providing evidence to substantiate her wrongful death damages claim. Def. Ultra's Br. at 3. They further argue that "the loss of pension benefits is an incidental loss not covered" by Tennessee's wrongful death statute. *Id.* at 4.

Damages under the Tennessee wrongful death statute can be delineated into two distinct classifications. *Thrailkill v. Patterson*, 879 S.W.2d 836 (Tenn. 1994); *Davidson Benedict Co. v. Severson*, 109 Tenn. 572, 72 S.W. 967 (Tenn. 1903). The first classification permits recovery for injuries sustained by the deceased from the time of injury to the time of death. Damages under the first classification include medical expenses, physical and mental pain and suffering, funeral expenses, lost wages, and loss of earning

capacity. See Tenn. Code Ann. § 20-5-113 ("right to recover the mental and physical suffering, loss of time, and necessary expenses resulting to the deceased from the personal injuries").

The second classification of damages permits recovery of incidental damages suffered by the decedent's next of kin. See Tenn. Code Ann. § 20-5-113 ("and also the damages resulting to the parties for whose use and benefit the right of action survives from the death consequent upon the injuries received.") (emphasis added); see also *Thrailkill,* 879 S.W.2d at 841; *Davidson Benedict Co.*, 72 S.W. at 977. Incidental damages have been judicially defined to *include* the pecuniary value of the decedent's life. *Spencer v. A-1 Crane Serv., Inc.*, 880 S.W.2d 938, 943 (Tenn. 1994). Pecuniary value has been judicially defined to include "the expectancy of life, the age, condition of health and strength, capacity for labor and earning money through skill, any art, trade, profession and occupation or business, and personal habits as to sobriety and industry." Id. Pecuniary value also takes into account the decedent's probable living expenses had the decedent lived. *Wallace v. Couch*, 642 S.W.2d 141 (Tenn. 1982); *Hutton v. City of Savannah*, 968 S.W.2d 808, 811-12 (Tenn. Ct. App. 1997).

Thus, in an action by a wife for damages for the wrongful death of her husband, the measure of recovery is the pecuniary value of the life of the husband to the wife, and not what wages the husband might have been able to earn, nor merely what it would have taken to hire another to do the work he did, as such basis of recovery would overlook the value of the husband's personal interest in the affairs of the home and the economy incident to his services. *Knoxville Ry. & Light Co. v. Davis,* 3 Tenn. Civ. App. (Higgins) 522

(1912); see also *Wilkerson v. Altizer,* 845 S.W.2d 744, 749 (Tenn.App. 1992).

The party seeking damages has the burden of proving them. *Inman v. Union Planters Nat'l Bank*, 634 S.W.2d 270, 272 (Tenn. Ct. App. 1982). However, in tort cases the proof need not establish the amount of damages with mathematical precision, *Provident Life and Accident Ins. Co. v. Globe Indem. Co.*, 156 Tenn. 571, 576, 3 S.W.2d 1057, 1058 (1928), as long as the proof is as certain as the nature of the case permits, and it enables the jury to make a fair and reasonable assessment of the damages. *Wilson v. Farmers Chem. Ass'n, Inc.*, 60 Tenn. App. 102, 111, 444 S.W.2d 185, 189 (1969). Thus, while damages should not be awarded when the existence of damage is uncertain, they may be awarded if the existence of damage is certain, but the extent of damage is not. *Cummins v. Brodie*, 667 S.W.2d 759, 765 (Tenn. Ct. App. 1983).

In this instance, Plaintiff has presented documentary evidence, including evidence pertaining to the decedent's pension benefits and tax returns, to substantiate the pecuniary value of the decedent's life. Plaintiff has also presented testimonial evidence to substantiate this wrongful death damages claim. Thus, the Court finds that there are issues of material fact in dispute that necessitate a jury's consideration of this issue. Accordingly, Defendant Ultra Power Trading, LLC d/b/a Jetta Logistics Company's Motion for Summary Judgment and Defendants Ju Lin and Lin Trucking's Motion for Summary Judgment (collectively "Defendants") will be **DENIED.** (Court Docs. 137, 147.)

## IV. CONCLUSION

For the reasons explained above, Defendant Ultra Power Trading, LLC d/b/a Jetta Logistics Company's Motion for Summary Judgment and Defendants Ju Lin and Lin Trucking's Motion for Summary Judgment are **DENIED**.  (Court Docs. 137, 147.)

SO ORDERED this 30th day of July, 2010.

                                                              */s/Harry S. Mattice, Jr.*
                                                               HARRY S. MATTICE, JR.
                                                         UNITED STATES DISTRICT JUDGE