UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| PATRICIA PAINTER, individually and as Executor of the Estate of James B. Painter, | ) ) ) ) |
| *Plaintiff*, | ) ) |
| v. | ) Case No. 1:08-cv-122 ) |
| JU LIN and LIN TRUCKING NEW YORK, INC. | ) ) ) ) |
| *Defendants/Cross-plaintiffs*. | ) Judge Mattice ) ) |
| ULTRA POWER TRADING, LLC d/b/a JETTA LOGISTICS CO., and JETTA LOGISTICS, CORP. | ) ) ) ) |
| *Defendant/Cross-defendant* | ) |

## **MEMORANDUM AND ORDER**

Defendants Ju Lin's and Lin Trucking New York, Inc.'s Motion for Summary Judgment and Defendant Ultra Power Trading, LLC d/b/a/ Jetta Logistics Company's Motion for Summary Judgment (collectively "Defendants") are presently before the Court. (Court Docs. 149 and 151.) Defendants contend that the decedent, James Painter, was at least fifty percent at fault in causing the accident that resulted in his death and, pursuant to the comparative negligence rule, Defendants are entitled to a judgment in their favor. (Court Doc. 150, Defs.' Br. at 3.) Plaintiff Patricia Painter contends that summary judgment is inappropriate because there are substantial issues of material fact as to whether the decedent was at fault. (Court Doc. 178, Pl.'s Resp. Br. at 2.).

For the reasons explained below, Defendants Ju Lin and Lin Trucking New York,

Inc.'s Motion for Summary Judgment and Defendant Ultra Power Trading, LLC d/b/a/ Jetta Logistics Company's Motion for Summary Judgment (Court Docs. 149 and 151) will be **DENIED.**

I.      **LEGAL STANDARD**

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material facts exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may meet this burden either by producing evidence that demonstrates the absence of a genuine issue of material fact or by simply " 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. To refute such a showing, the nonmoving party may not simply rest on its pleadings. *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996); *see Anderson*, 477 U.S. at 249. The nonmoving party must present some significant, probative evidence indicating the

necessity of a trial for resolving a material factual dispute. *Celotex*, 477 U.S. at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If the Court concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## II.    FACTS

The facts, taken in the light most favorable to Plaintiff, are as follows.

The instant case was initiated by the filing of a Complaint and later an Amended Complaint by Plaintiff Patricia Painter, individually and as Executrix of the Estate of James B. Painter, against Defendants. (Court Docs. 1, 32.) In the Amended Complaint, Plaintiff alleges that Defendant Ju Lin was operating a truck/cargo-trailer northbound on Interstate 75 in Bradley County, Tennessee. (Amend. Compl. ¶ 19.) Defendant Lin's tractor trailer, which was overloaded, became disabled or slowed down to a dangerous speed. (*Id.* ¶ 22.) When Defendant Lin's tractor trailer became disabled in front of the decedent's vehicle, Defendant Lin did not remove the truck from the interstate or warn approaching motorists, including the decedent. (*Id.* ¶ 24.) The Amended Complaint alleges that as a result of

these actions, the decedent's vehicle collided into the back of the tractor trailer. (*Id.* at 25.)

The Defendants have admitted that an accident did occur and that the decedent died as a result of this accident. Defs.' Br. at 2.) The Defendants, however, contend that the decedent was at least fifty percent at fault for failing to keep a proper lookout ahead, failing to operate his vehicle at a reasonable speed for the conditions then and there existing, failing to take due care for his own safety, and changing lanes before ascertaining that it was safe to do so. (*Id.*) Defendants also contend that the decedent followed Defendant Lin's tractor trailer in violation of Tenn. Code Ann. §§ 5-8-123-24. (*Id.*)

Plaintiff contends that there is sufficient contradictory testimonial and expert evidence to submit this issue to the jury. In particular, Plaintiff points out that the eyewitness to the accident, Tony Daniel, testified that it was "not until he was less than 50 feet from the back of the truck did he realize that Lin was completely stopped in the right lane." (Court Doc. 178-1, Daniel Dep. at 17.) Daniel testified that he could not determine the truck's speed until he realized it was stopped. (*Id.*) After realizing the tractor trailer was stopped, Daniel testified that he commented to his passenger that "this dude is going to get somebody killed ... he needs to get off the road." (*Id.* at 14-15.) Plaintiff also argues that there is sufficient contradictory fact and expert testimonial evidence concerning the relative negligence of Defendant Lin and the decedent that is in dispute.

## III. ANALYSIS

In *McIntyre v. Balentine*, 833 S.W.2d 52 (Tenn. 1992), the Supreme Court of Tennessee, "adopted a system of modified comparative fault by which a plaintiff who is less than fifty percent (50%) at fault may recover damages in an amount reduced by the

percentage of fault assigned to the plaintiff." *Ali v. Fisher*, 145 S.W.3d 557, 561 (Tenn. 2004) (citing *McIntyre*, 833 S.W.2d at 57). Under Tennessee law, "in a vast majority of cases, the comparison and allocation of fault is a question of fact to be decided by the finder-of-fact, that is the jury or the trial court sitting without a jury." *Henley v. Amacher, No*. M1999-02799-COA-R3-CV, 2002 Tenn. App. LEXIS 72, 2002 WL 100402, *6 (Tenn. Ct. App. Jan. 28, 2002) (citing *Brown v. Wal-Mart Discount Cities*, 12 S.W.3d 785, 789 (Tenn. 2000); *Turner v. Jordan*, 957 S.W.2d 815, 824 (Tenn. 1997); *Prince v. St. Thomas Hosp.*, 945 S.W.2d 731, 735 (Tenn. Ct. App. 1996)). "The task of comparing and allocating fault may be taken from the jury only when it can be determined beyond question (or alternatively, when reasonable minds cannot differ) that the plaintiff's fault is equal to or greater than the defendant's." Id. (citing *Staples v. CBL & Assocs.*, 15 S.W.3d 83, 91-92 (Tenn. 2000); *Eaton v. McLain*, 891 S.W.2d 587, 592 (Tenn. 1994)). Although a disputed question of comparative fault is generally submitted to a jury, such a question can also be properly raised in a motion for summary judgment. Id. (quoting *Coln v. City of Savannah*, 966 S.W.2d 34, 44 (Tenn. 1998); *Norris v. Pruitte*, No. 01A01-9709-CV-00506, 1998 Tenn. App. LEXIS 599, 1998 WL 1988563, *3 (Tenn. Ct. App. Aug. 24, 1998)).

In a negligence case, if the defendant has pled "the affirmative defense of the plaintiff's comparative fault, the reasonableness of the plaintiff's conduct in confronting a risk should be determined under the principles of comparative fault." *Staples*, 15 S.W.3d at 91 (citing *Perez v. McConkey*, 872 S.W.2d 897, 905 (Tenn. 1994)). "If the evidence is evaluated in the light most favorable to the plaintiff and reasonable minds could not differ

that her fault was equal to or great[er] than that of the defendant's, summary judgment in the defendant's favor may be granted." *Id.* (citing *Coln,* 966 S.W.2d at 44).

Defendants assert they are entitled to a summary judgment on Plaintiff's claims based upon the Tennessee law of comparative fault because, as a matter of law, Plaintiff was at least 50 percent responsible for the accident and, therefore, cannot recover. Specifically, Defendants contend: (1) there is no dispute that the accident occurred on a clear day during the daylight; (2) the tractor trailer Defendant Lin was driving was visible from an unobstructed distance of no less than one-half a mile for no less than forty seconds; (3) there were no obstructions in the roadway to prevent the decedent form seeing the tractor trailer rig driven by Defendant Lin; (4) the decedent cause his vehicle to collide into the reat of the tractor trailer driven by Defendant Lin. (Court Doc. 149, Defs.' Mot. for Sum. J. at 1-2.)

Plaintiff disputes Defendants' suggestion that there is no evidence to support a finding that the decedent was more than fifty percent at fault for the accident. In particular, Plaintiff has presented evidence in the record that Defendant Lin's tractor trailer had "problems with the O-rings and the fuel pump," which "do not happen suddenly." (Pl.'s Resp. Br. at 5.) Before the accident, Daniel, the sole eyewitness, testified that he saw no emergency flashers on Defendant Lin's tractor trailer. (*Id.*) Daniel also testified that the hill where the wreck occurred creates an "angle" that "gives you the illusion ... that something may be moving when it's not." (*Id.*) Plaintiff also argues that there is expert evidence to support a finding that Defendant Lin was an inexperienced driver who failed to perform a proper pre-trip inspection and was in the wrong gear as he climbed the hill at White Oak Mountain. (*Id.*)

In light of this disputed evidence, the Court finds that Plaintiff has presented sufficient evidence to support the conclusion that the issue of comparative fault should be resolved by a jury.  Accordingly, Defendants Ju Lin's and Lin Trucking New York, Inc.'s Motion for Summary Judgment and Defendant Ultra Power Trading, LLC d/b/a/ Jetta Logistics Company's Motion for Summary Judgment  (Court Docs. 149 and 151)  will be **DENIED.**

## IV. CONCLUSION

For the reasons explained above, Defendants Ju Lin's and Lin Trucking New York, Inc.'s Motion for Summary Judgment and Defendant Ultra Power Trading, LLC d/b/a/ Jetta Logistics Company's Motion for Summary Judgment  (Court Docs. 149 and 151)  is **DENIED.**

SO ORDERED this 30th day of July, 2010.

> */s/Harry S. Mattice, Jr.*
> HARRY S. MATTICE, JR.
> UNITED STATES DISTRICT JUDGE