UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| PATRICIA PAINTER, individually and as Executor of the Estate of James B. Painter, )<br>)<br>)<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>JU LIN and LIN TRUCKING NEW YORK, )<br>)<br>*Defendants/Cross-plaintiffs*. )<br>)<br>)<br>ULTRA POWER TRADING, LLC )<br>d/b/a JETTA LOGISTICS CO., and )<br>JETTA LOGISTICS, CORP. )<br>)<br>*Defendant/Cross-defendant* ) | Case No. 1:08-cv-122<br><br><br><br>Judge Mattice |

## MEMORANDUM AND ORDER

Defendant Ultra Power Trading, LLC's, d/b/a Jetta Logistics Company Motion for Judgment on the Pleadings pursuant to Rule 12(b)(6) and Rule 12(c) of the Federal Rules of Civil Procedure (Court Doc. 133) is presently before the Court. It contends that the Court does not have jurisdiction over the pending cross-claim for indemnity and contribution against it and that Plaintiff's Amended Complaint fails to state a claim against it upon which relief may be granted.

For the reasons explained below, Defendant Ultra Power Trading, LLC's, d/b/a Jetta Logistics Company, Motion for Judgment on the Pleadings pursuant to Rule 12(b)(6) and Rule 12(c) of the Federal Rules of Civil Procedure (Court Doc. 133) will be **DENIED.**

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides an affirmative defense for a party's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This defense arises in the context of a motion to dismiss, where the movant challenges the sufficiency of claims set forth in a complaint. In *Ashcroft v. Iqbal*, the Supreme Court of the United States expanded on the holding in *Bell Atl. Corp. v. Twombly* by stating that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court clarified this statement by outlining the two "working principles" governing a motion to dismiss. *Id*. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Instead, a court considering a motion to dismiss should only accept that all factual allegations are true. Accordingly, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950.

The second principle outlined in *Iqbal* is that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). The reviewing court must determine not whether the plaintiff will ultimately prevail but whether there is "more than the mere possibility of misconduct," which is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Therefore, to survive a motion to dismiss

-2-

under 12(b)(6), plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Assoc. of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

The standard of review applicable to a motion for "judgment on the pleadings" pursuant to Federal Rule of Civil Procedure 12(c) is the same as the standard of review applicable under Rule 12(b)(6). *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).

## II. FACTS

Plaintiff Patricia Painter initiated the instant case to recover damages that occurred as a result of a vehicle accident on July 1, 2007 between the decedent James Painter and Defendant Ju Lin. (Court Doc. 32, Amend. Compl. ¶¶ 19-33.) The Amended Complaint contends that the negligence of Defendant Lin is imputed to Defendant Ultra Power Trading d/b/a Jetta Logistics under the doctrine of *respondeat superior*. (*Id.* ¶¶ 18, 32.) Defendant Ju Lin and Lin Trucking New York, Inc. filed a cross-claim against Defendant Ultra Power Trading which sought indemnity and contribution because "the Defendants ... were working on the business of Ultra Power Trading d/b/a Jetta Logistics, Inc. at the time of the accident at issue."

Defendant Ultra Power Trading contends that although Plaintiff's amended complaint alleges that "Jetta Logistics, Total Quality Logistics, and Ultra Power are collectively responsible for the negligent actions or inactions of [Defendant] Lin and non-party Feng," it does "not ask for any specific affirmative relief under the theory of *respondeat superior*." (Court Doc. 134, Ultra's Br. at 2.) It further contends that the Court

does not have personal jurisdiction or subject matter jurisdiction over Defendants Lin's and Lin Trucking New York, Inc.'s claim for contribution and indemnity. (Court Doc. 148, Def. Lin's Resp. Br. at 3.)

Defendant Ju Lin and Lin Trucking New York, Inc. contend that "the claim of indemnity and contribution" arises "out of the same transaction or occurrence which is the subject matter of the original action." (Def. Lin's Resp. Br. at 1-3.) It further contends that the Court has supplemental jurisdiction to hear this claim because, although diversity is not present, the cross-claim "so related" to the original claim that it should be heard with Plaintiff's original claim against Defendant Ultra Power Trading. (*Id.*)

### III. ANALYSIS

With respect to the issue of *respondeat superior,* the Court has previously addressed the same arguments made in Defendant Ultra Power Trading, LLC's, d/b/a Jetta Logistics Company, Motion for Judgment on the Pleadings pursuant to Rule 12(b)(6) and Rule 12(c) of the Federal Rules of Civil Procedure in its February 8, 2010 Memorandum and Order. (Court Doc. 95.) In that Memorandum and Order, the Court concluded that the "factual allegations 'raise a right to relief above the speculative level' and provide the Jetta Defendants with fair notice of the *respondeat superior* claims against them and the grounds upon which these claims rest." Defendant Ultra Power Trading's arguments concerning this issue are duplicative and contain no new evidence to support a finding that Plaintiff's Amended Complaint is deficient in this regard. Accordingly, the Court will **DENY** Defendant Ultra Power Trading, LLC's, d/b/a Jetta Logistics Company, Motion for Judgment on the Pleadings with respect to the issue of *respondeat superior.*

The Court will assume jurisdiction over Defendant Ju Lin and Lin Trucking New York, Inc.'s claim for contribution and indemnity against Defendant Ultra Power Trading, LLC's, d/b/a Jetta Logistics Company. The supplemental jurisdiction statute, 28 U.S.C. § 1367, provides that district courts with original jurisdiction of a claim have supplemental jurisdiction over claims that are so related to the claim that provided original jurisdiction that "they form part of the same case or controversy . . . ." In this instance, it is evident that the contribution and indemnity claims against Defendant Ultra Power Trading, LLC's, d/b/a Jetta Logistics Company are inextricably linked to Plaintiff Painter's underlying claims against Defendant Ultra Power Trading, LLC's, d/b/a Jetta Logistics Company. Accordingly, the Court will **DENY** Defendant Ultra Power Trading, LLC's, d/b/a Jetta Logistics Company, Motion for Judgment on the Pleadings with respect to the issue of the Court's jurisdiction over the contribution and indemnity claims against Defendant Ultra Power Trading, LLC's, d/b/a Jetta Logistics Company.

## IV. CONCLUSION

For the reasons explained above, Defendant Ultra Power Trading, LLC's, d/b/a Jetta Logistics Company, Motion for Judgment on the Pleadings pursuant to Rule 12(b)(6) and Rule 12(c) of the Federal Rules of Civil Procedure (Court Doc. 133) is **DENIED.**

SO ORDERED this 30th day of July, 2010.

                                                 */s/Harry S. Mattice, Jr.*
                                                 HARRY S. MATTICE, JR.
                                                 UNITED STATES DISTRICT JUDGE